IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.        No. CV 14-351 CG/GBW

$104,446.00 in United States Currency,
2004 Chevrolet Tahoe,
VIN: 1GNEC13T94R108747,

    Defendants,

and

CHRISTINA BARRON and MICHAEL
MONTOYA,

    Claimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the *United States' Motion to Strike Answer for Lack of Standing* ("Motion"), filed on July 23, 2014. (Doc. 10). The United States argues that Christina Barron and Michael Montoya (together the "Claimants"), lack statutory standing to intervene in this action. Claimants failed to respond to the Motion, and the time for doing so has passed. (Doc. 10 at 1; Doc. 11).

**I.**    **Background**

The United States filed the *Verified Complaint for Forfeiture* In Rem ("Complaint"), on April 15, 2014, seeking the arrest and forfeiture of $104,446.00 in U.S. Currency and a 2004 Chevrolet Tahoe, which were seized at Claimants' residence as part of a separate criminal investigation. (Doc. 1). The United States alleges that the defendant property is subject to forfeiture pursuant to several federal statutes, including 21 U.S.C. §§ 881(a)(4)

and (6), and 18 U.S.C. §§ 981(a)(1)(A) and (C). *Id*. The Complaint specifically identifies Claimants as persons who "may claim an interest in" the defendant property. *Id.* at 2.

The United States contends that it notified Claimants directly of the forfeiture action by certified mail on April 25, 2014, (Doc. 10 at 3–4), and then published a notice of civil forfeiture on an official government forfeiture website on May 14, 2014. (Doc. 7). On May 20, 2014, Claimants filed *Defendants* (sic) *Answer to Notice of Complaint for Forfeiture Against Property* ("Answer"), generally denying all of the allegations made in the Complaint. (Doc. 4). On the same day, the United States advised Claimants by mail that they are also required to file a verified claim setting forth their interest in the defendant property in order to intervene in this case. (Doc. 10-1).

**II.    Analysis**

The United States moves the Court to strike the Claimants' Answer on the basis that Claimants lack standing to appear in this action. (Doc. 10). The United States contends that, because Claimants have not filed a verified claim, the Answer must be struck because Claimants lack statutory standing under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Even though the Motion is considered unopposed because Claimants did not file a responsive brief to the Motion, the Court must determine whether the requested relief is appropriate. *See* D.N.M.LR-Civ. 7.1(b); *see also Sizemore v. N.M. Dep't of Labor*, No. 05-2198,182 Fed. Appx. 848, 853 (10th Cir. June 22, 2006) (unpublished) (noting that a party's mere failure to respond to a dispositive motion does not provide a sufficient basis to enter judgment against the party).

The Supplemental Rules are applicable to this proceeding because this is a civil forfeiture in rem action, brought by the United States against property, arising from a federal statute. *See* SUPP. R. A(1)(B). Pursuant to the Supplemental Rules, the United States is the plaintiff and the assets sought to be forfeited are the defendant property. *See United States v. One-Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003). A third-party intervenor, also referred to as a claimant, is the only party that may raise a defense against the forfeiture in such an action. *Id.*

Intervening parties in an in rem forfeiture action bear the burden of establishing their own constitutional standing, as well as statutory standing pursuant to the Supplemental Rules, at all stages of the litigation. *See United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 & n.3 (10th Cir. 2008). Standing is a threshold issue in every federal civil forfeiture case. *Id.* at 1273; *see also Via Mat Int'l S. Am., Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006).

Potential claimants must comply with the pleading requirements of Supplemental Rule G(5), otherwise they lack the requisite statutory standing to contest the civil forfeiture action. *See $148,840.00 in U.S. Currency*, 521 F.3d at 1273 n.3. The pleading requirements of Supplemental Rule G(5) mandate that a claimant serve and file (i) a verified claim in the court where the forfeiture action is pending, and (ii) an answer or responsive pleading to the complaint. SUPP. R. G(5). A claim filed pursuant to Supplemental Rule G(5)(a) must identify the specific property sought to be claimed, and the name of the claimant and her interest in the property. The claim must be signed by the claimant under penalty of perjury, and served on the appropriate government attorney

3

within a designated time period. "A verified claim . . . is essential to conferring statutory standing upon a claimant in a forfeiture action." *United States v. $125,938.62*, 370 F.3d 1325, 1328–29 (11th Cir. 2004) (quotations and alterations omitted); *see also United States v. 2007 Chrysler 300 Touring*, No. CIV 10-0246 JB/WDS, 2011 U.S. Dist. LEXIS 31090, at *8–9 (D.N.M. Mar. 10, 2011) ("Courts have stricken answers when a claimant fails to file the requisite claim pursuant to Supplemental Rule G(5).").

The Court has reviewed the case docket, and finds that Claimants have not filed any document purporting to be a claim pursuant to Supplemental Rule G(5). The Court declines to construe the Answer as satisfying the verified claim requirement, because the content of the Answer is limited to a general denial of all of the allegations in the Complaint. (Doc. 4). Again, a claim must at a minimum, identify what interest, if any, a claimant has in the defendant property, and be signed under penalty of perjury. SUPP. R. G(5)(a)(i). The Court may require strict compliance with the provisions of Rule G(5). *See 2007 Chrysler 300 Touring*, 2011 U.S. Dist. LEXIS 31090, at *13 (citing *United States v. S. Deframe Circle, Lakewood, Colo.*, No. 98-1390, 2000 U.S. App. LEXIS 2761, at *9 (10th Cir. Feb. 24, 2000)). The Answer does not properly set forth the Claimants' interest in the defendant property, and therefore the Answer does not comport with the verified claim requirement in Supplemental Rule G(5).

The Court should next determine whether the requested relief is timely or premature. The deadline by which a third-party intervenor must serve and file her claim is tied to the method and date that the United States provides notice to potential claimants of the forfeiture action. The United States must publish a notice of forfeiture of the defendant property, and also give direct notice of the forfeiture action to all known

potential claimants. *See* SUPP. R. G(5). A notice of forfeiture must set forth the deadlines for intervenors to file a claim and answer, and identify the government attorney to be served with the claim and answer. SUPP. R. G(4). If the notice is published on an official internet government forfeiture site, then the notice must state that potential claimants should file their verified claim within 60 days after the first day of publication. SUPP. R. G(5)(a). If a potential claimant is provided direct notice, then she should be informed of the date that the notice was sent, and that the deadline to file a verified claim may be no earlier than 35 days thereafter. SUPP. R. G(4)(b)(ii).

The prompt claim requirement of Supplemental Rule G(5) serves two purposes. It forces potential claimants to come forward as soon as possible after forfeiture proceedings have been initiated, so that the dispute can be resolved quickly, and serves to prevent the filing of false claims. *See United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664–65 (3d. Cir. 2007); *see also United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F. 3d 1306, 1318 (10th Cir. 1994) (discussing the time requirements under Supplemental Rule C(6)).

In this case, the United States specifically identified Claimants as persons with a potential interest in the defendant property. Therefore, the United States was required to provide Claimants with direct notice of the forfeiture action. SUPP. R. G(4)(B)(i). The United States asserts that it sent Claimants direct notice of the Complaint on April 28, 2014, and that the direct notice complied with Supplemental Rule G(4). It also contends that Claimants were notified that the deadline to file their verified claims was on or before the expiration of 35 days following the date the Notice was served, or June 2, 2014. (Doc. 10 at 4–5). While the United States has not provided the Court with any evidence that it

5

provided Claimants with direct notice on that date, Claimants have failed to respond or argue otherwise.[1]

The United States points out that it also published the notice of forfeiture on an official internet government forfeiture website beginning on May 14, 2014, and that the deadline for filing a claim pursuant to that public notice was July 14, 2014. *See* SUPP. R. G(5)(a) (deadline is calculated as 60 days from the first date of publication). Therefore, at a minimum, Claimants had constructive notice that they must file a verified claim on or before July 14, 2014.

The United States further argues that Claimants had actual notice of the forfeiture action prior to that date, because they answered the Complaint on May 20, 2014. A claimant who possesses actual knowledge of the forfeiture action is prohibited from contesting the forfeiture on the basis that the United States failed to make the proper notice. *See* SUPP. R. G(4)(b)(v). In this case, Claimants filed the Answer on May 20, 2014, which was within the time period to file a claim. Therefore, the Court will conclude that Claimants possessed the requisite knowledge of this action prior to the expiration of the claim deadline.

There is no dispute that Claimants failed to file a verified claim pursuant to Supplemental Rule G(5). The Court finds that Claimants received actual notice of the Complaint, and that the deadline for filing the claim under the Supplemental Rules has expired. Claimants offer no reason why they have failed to file a verified claim, and have not requested extra time for doing so. Under these circumstances, the Court finds that

---

[1] However, the United States has offered proof that it contacted Claimants directly for a second time on May 20, 2014 regarding the verified claim requirement and approaching deadline. (Doc. 10-1).

Claimants lack statutory standing to intervene in this case, and that the United States' request to strike the Answer should be granted pursuant to Supplemental Rule G(8)(c)(i)(A).

### III.   Conclusion

**IT IS THEREFORE ORDERED** that *United States' Motion to Strike Answer for Lack of Standing*, (Doc. 10), be **GRANTED**, and that *Defendants* (sic) *Answer to Notice of Complaint for Forfeiture Against Property*, (Doc. 4), be struck.

*[signature]*

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE